IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

Jody Lee Gooslin, II,

    Debtor in Possession.

Case No.25-bk-20129
Chapter 11, Sub Chapter V
Honorable B. McKay Mignault

# PLAN OF REORGANIZATION OF JODY LEE GOOSLIN, II

## ARTICLE I

## SUMMARY AND IMPLEMENTATION

This Plan of Reorganization under Chapter 11, Sub Chapter V of the Bankruptcy Code proposes to pay creditors from cash flow from operations and future income of entities owned by the Debtor. The Plan provides for four classes of secured creditors. There are two classes of unsecured creditors. Unsecured creditors holding allowed claims will receive distribution ranging from 20% to 33%. The Debtor has not yet completed missing tax returns, but tax claims will be paid in full, plus interest.

The Plan also provides for payment of administrative expenses over a period of 36 months.

All creditors and equity and security holders should refer to those provisions regarding the precise treatment of claims. No separate disclosure statement will be filed. Your rights may be affected, so you should read this Plan carefully and discuss it with your attorney.

# ARTICLE II

## HISTORY

Jody Lee Gooslin, II, age 36, is a native of Mingo County, West Virginia and has been involved in several businesses in that area. He operates 1440 Solutions which provides janitorial and maintenance services for the Williamson Hospital and other medical providers. That entity is his primary source of income.

Jody Gooslin also owns Gooslin Properties which operates commercial and residential real property in Mingo County. The monthly gross income of Gooslin Properties is $6,750.

Jody Gooslin also owns Gooslin Construction which is an entity which has constructed buildings and performed remodeling.

Jody Gooslin owns Seemless Comfort which is an HVAC company operating in Mingo County. The monthly revenues of Seemless Comfort average $25,000.

Jody Gooslin was previously involved with Local Lumber which was a lumber supply company operating out of real property owned by Gooslin Properties. Local Lumber owes First National Bank of Williamson and the U.S. Department of Agriculture as shown on the exhibits.

Jody Gooslin has personally guaranteed all of the commercial obligations owed to First National Bank of Williamson; Community Trust Bank and U.S. Department of Agriculture. In addition, Jody Gooslin has personally guaranteed some of the vendors of Local Lumber. Prior to the filing of this case, there had been lawsuits filed by vendors of Local Lumber. On most of those cases, third parties are also involved.

Going forward, the primary focus will be on operating 1440 Solutions and Seemless Comfort. Any revenues to be derived from Williamson Renaissance and Mountaineer Hotel will occur in the future and will not be relied upon initially for funding the Plan.

Mountaineer Hotel is a 90 room facility located in downtown Williamson. Jody Gooslin owns 20% and the other 80% is owned by Dr. Christopher Beckett. Mountaineer Hotel is subject to a lien in favor of First National Bank of Williamson. Arrangements have been made for Choice International to refurbish the hotel and manage it. The Debtor does not anticipate any cash flow from this arrangement in the foreseeable future.

Williamson Renaissance was created to restore certain buildings in downtown Williamson. The assets of William Renaissance are subject to a lien in favor of Community Trust Bank. The Debtor owns 20% of Williamson Renaissance and the other 80% is owned by Dr. Christopher Beckett.

Jody Gooslin also owns a personal residence located in Mingo County. The estimated value of that residence is $500,000. That property is subject to a lien in favor of the Bank of Mingo. Further, the Bank of Mingo holds a Judgment Lien against Jody Gooslin in the approximate sum of $175,000. The $175,000 Judgment arose from a deficiency on a claim of Bank of Mingo related to a flooring business located in South Williamson, Kentucky. That business was flooded in February, and will not reopen.

# ARTICLE III

## CLASSIFICATION AND TREATMENT OF CLAIMS

Class A — Class A consists of administrative claims which will be paid in equal installments over a period of 36 months. The Debtor will be responsible for payment of the Sub Chapter V Trustee and any unpaid fees of counsel for the Debtor. Counsel shall file a separate application for approval of professional fees. The Sub Chapter V Trustee shall be paid in full within 30 days after approval of his fee application.

Class P-1 — The Internal Revenue Service will hold a claim in at least the sum of $155,348. At the time of the filing of this Plan, not all required tax returns have been filed but those returns should be filed within 30 days. The amount of the Internal Revenue Service claim will be paid over 60 months and the initial payment will be $3,000 per month, and after the exact amount of the claim is ascertained, the payment will be adjusted. The penalty claim, if any, will be treated as a general unsecured claim.

Class P-2 — Class P-2 is the priority claim of the West Virginia State Tax Department. The West Virginia State Tax Department will hold a claim in at least the sum of $29,557. Not all those have been filed as of the date of the filing of this Plan. An accountant is working to complete all missing tax returns and once the exact amount is known, then the amount necessary to fund the Plan over 60 months will be set forth. In the interim, payments will be made at the rate of $610 per month.

Class S-1 — First National Bank of Williamson - the claim of First National Bank of Williamson secured by real estate owned by the Mountaineer Hotel shall be the responsibility of that entity. The claim of the First National Bank of Williamson secured by real property owned by Gooslin Properties shall be the responsibility of that entity. Jody Gooslin will continue to be personally liable for each of those claims in the event the primary obligor is unable to make payments.

Class S-2 — Community Trust Bank - Williamson Renaissance was created to rebuild certain commercial properties in downtown Williamson. Several are rented but others still require rehabilitation. The Debtor's undivided interest is 20%. The Debtor proposes to retain his interest in this property which is subject to a lien in favor of Community Trust Bank. The other owner of this property is Dr. Christopher Beckett. The claim of Community Trust Bank is secured by assets of Williamson Renaissance. That claim shall be paid by Williamson Renaissance and Jody Gooslin will continue to be the guarantor. Community Trust Bank has recently filed a foreclosure action against Williamson Renaissance. It is anticipated that a Chapter 11 Reorganization proceeding will be filed on behalf of Williamson Renaissance and the claim of Community Trust Bank will be dealt with in that case.

| | |
|---|---|
| Class S-3 | Bank of Mingo - the Bank of Mingo is secured by a first lien on the Debtor's personal residence located at Recreation Drive, Mingo County, West Virginia. This property is also owned one-half by Katrina Burke. The claim is fully secured and the Pre-Petition arrearage will be cured over a period of six months and normal contractual payments will be resumed within 30 days after confirmation. The Debtor believes the value of the property to be at least $500,000. The claim of the Bank of Mingo relating to the personal residence is approximately $200,000.<br><br>The Bank of Mingo holds an additional claim against Jody Gooslin arising from a Judgment obtained from the property located in South Williamson, Kentucky. The Debtor will surrender the real property located in South Williamson, Kentucky and the Debtor believes that the property should realize at least $40,000 upon a subsequent foreclosure. The balance of the claim, approximately $135,000 will be paid at the rate of $1,000 per month for a period of 48 months after which the balance will be subject to a balloon payment and/or refinancing.<br><br>Katrina Burke, who is employed as a nurse, will be responsible for one-half of the payment on the personal residence owed to the Bank of Mingo. Any right of contribution from Katrina Burke will be waived and subordinated to all other claims. |
| Class S-4 | Ally holds a lien on a personal vehicle, a 2017 Cadillac Escalate. The outstanding balance on this claim is in the sum of $17,310. Payments on this claim will be made at the rate of $426 per month with interest at 6% per annum for a period of 48 months. |
| Class K | Katrina Burke holds a right of contribution from the Debtor for payment on any additional amount she pays to the Bank of Mingo on the personal residence. That claim will be subordinated to all other claims during the life of this Plan. |
| Class U-1 | Class U-1 represents creditors who have filed lawsuits in the Circuit Court of Mingo County, West Virginia, or elsewhere, and who also can look to third parties for reimbursement. These creditors include Do It Best; Ferguson Enterprises; A.J. Welch; and Ohio Valley Flooring. These creditors will receive a dividend of 20% to be paid over a period of 48 months. |
| Class U-2 | Class U-2 consists of creditors who do not have third parties to whom to look for payment and whose claims are undisputed. These creditors are listed on Exh. 4. Each U-2 creditor will receive a dividend of 33 and 1/3% over a period of 48 months.<br><br>After 48 months of Plan payments to the unsecured creditors, at which time the claims will have been satisfied, and the claim of Ally, a secured creditor which will have been paid, the Debtor will earmark monies which have been paid to those classifications to increase Plan payments pro rata to the taxing authorities. |

# ARTICLE IV

# LIQUIDATION ANALYSIS

The Debtor's assets are primarily owned by other entities, with the exception of his one-half undivided interest in the personal residence. The estimated value of these assets is set forth on Exh. 2.

Because the Debtor holds a minority interest in most of the other entities - Mountaineer Hotel and Williamson Renaissance, any equity in those assets is not being currently considered for Plan payments. In the event that Jody Gooslin would sell his undivided interest in those assets, then the proceeds would be available to fund the Plan.

If this were a Chapter 7 case, a Bankruptcy Trustee would review the assets and determine if any could be sold free and clear of liens. It is possible that liquidation of the Debtor's interest with an assign in the LLC assets would result in a deficiency which would only increase the amount of unsecured claims. Further, the Debtor's obligation to the taxing authorities would require those claims to be dealt with before any distribution could be made to unsecured creditors.

A summary of liquidation is set forth on Exh. 1 attached hereto. The Debtor does not believe that conversion to a Chapter 7 will result in any dividends to unsecured creditors.

# ARTICLE V

## EXECUTORY CONTRACTS

Executory contracts which affect upon the Debtor are through the Limited Liability Companies in which the Debtor holds an undivided interest. Assumption of those contracts is not required under the terms of this Plan. The Debtor will be deemed to have rejected all other executory contracts not expressly assumed under this Plan and a proof of claim arising from rejection must be filed no later than 30 days after Confirmation Order.

# ARTICLE VI

## FUTURE REVENUE OPPORTUNITY

After the filing of this case, Jody Gooslin conferred with a computer company in Huntington, West Virginia about becoming involved with a software program to be utilized by non-profit healthcare providers. The program is designed to speed up the billing process and to allow additional discounts for the acquisition of prescription drugs handled by the non-profit healthcare providers.

This is an opportunity which did not exist at the time of the filing of the case although Jody Gooslin knew third parties who may participate in the business opportunity, including Dr. Christopher Beckett.

If this opportunity comes to fruition, a new entity will be created and Mr. Gooslin anticipates that he will receive a salary of up to $5,000 per month beginning in December 2025. Any additional revenues received by the Debtor will be "property of the estate" and available to enhance the Plan payments after further amendment.

As soon as this venture matures to the point where revenues are being generated, then a detailed financial report will be presented through the Court approved accountant.

# ARTICLE VII

## MEANS OF IMPLEMENTATION

The Debtor will make payments under the Plan on the 30th day following confirmation. Plan payments will be funded from income made in the ordinary course of business. After confirmation, the Debtor will regularly communicate with the Sub Chapter V Trustee regarding Plan payments and provide proof of payment. The Debtor also reserves the right, with Court approval, to sell any Bankruptcy estate assets to generate funds for the payment to creditors.

# ARTICLE VIII

# REMEDIES

In the event that the Debtor is unable to make Plan payments, then Creditors will have the option to petition the U.S. Bankruptcy Court and request that the case be dismissed and ask that Creditors could also request that the Sub-Chapter V Trustee operate the business.

# ARTICLE IX

# GENERAL PROVISIONS

1. Governing Law. Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by and construed and enforce in accordance with the laws of the State of West Virginia.

2. Severability. Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of the Plan.

3. Effective Date of Plan. The effective date of this Plan is the 11th business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

4. Definitions and Rules of Construction. The definitions and rules of construction set forth in §101 and 102 of the Code shall apply when terms defined or constructed in the Code are used in this Plan.

5. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon , and will insured to the benefit of the successors or assigns of each entity.

# ARTICLE X

## DISCHARGE

Because §1141(g)(5) does not apply in a Sub Chapter V case, an individual Debtor receives a discharge immediately upon confirmation of a consensual Plan under §1191(a).

                          **JODY LEE GOOSLIN, II**

                          **By Counsel**

/s/Joseph W. Caldwell, Esq.
Joseph W. Caldwell, Esquire
(WVSB# 0586)
CALDWELL & RIFFEE, PLLC
P.O. Box 4427
Charleston, WV 25364
Telephone: (304) 925-2100
jcaldwell@caldwellandriffee.com
**Counsel For Debtor**

**Exh. 1**

List of Creditors

| | |
|---|---|
| Internal Revenue Service | $155,348.00 |
| West Virginia State Tax Department | $29,557.00 |
| First National Bank of Williamson | $380,038.71 |
| | $428,703.69 |
| | $921,421.84 |
| Community Trust Bank | $1,250,136.38 |
| Do It Best | $52,556.37 |
| Ferguson Enterprise | $22,698.61 |
| E.J. Welch Co. | $6,521.00 |
| CDC Distributors, Inc. | $9,000.00 |
| Ohio Valley Flooring | $8,000.00 |
| Bank of Mingo | $175,000.00 |
| Verizon | $173.00 |
| Ally | $17,310.00 |
| Quantum 3 Group | $2,129.00 |
| Freedom Road Financial | <u>$22,262.91</u> |
| Total | $3,480,856.51 |

# Exh. 2

## Asset List

| | | |
|---|---|---|
| 1. | Personal residence - Recreation Drive | $550,000.00 |
| 2. | Williamson Renaissance | $75,000.00 |
| 3. | Mountaineer Hotel | $150,000.00 |
| 4. | Gooslin Properties | $100,000.00 |
| 5. | 1440 Solutions | $50,000.00 |
| 6. | Gooslin Construction | $5,000.00 |
| 7. | Seamless Comfort | $25,000.00 |
| 8. | Personal property | <u>$5,000.00</u> |
| | Total | $960,000.00 |

# Jody Gooslin Budget and Projections

| Exh. 3 | Monthly | Yearly |
|---|---:|---:|
| **Income** | 10,833 | 130,000 |
| | | |
| **Expenses** | | |
| Mortgage | 1,250 | 15,000 |
| Utilities | 900 | 10,800 |
| Food | 1,400 | 16,800 |
| Clothing | 250 | 3,000 |
| Child Support | 1,200 | 14,400 |
| Fuel & Transportation | 600 | 7,200 |
| Repairs | 500 | 6,000 |
| Personal Spending | 250 | 3,000 |
| Medical | 400 | 4,800 |
| Taxes | 3,000 | 36,000 |
| Cell Phone | 190 | 2,280 |
| **Total** | **9,940** | **119,280** |
| **Plan Payments** | | |
| Ally Bank | 425 | 5,100 |
| Class U1 | 333 | 3,996 |
| Class U2 | 125 | 1,500 |
| **Total Plan Payments** | **883** | **10,596** |
| **Net Disposable Income** | **10** | **124** |

**Exh. 4**

U-2 Creditors

    Quantum 3 Group

    Freedom Road Financial

    Verizon

    CDC Distributors, Inc.

**U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**In re:**

**Jody Lee Gooslin, II**　　　　　　　　　　Case No.25-bk-20129
　　　　　　　　　　　　　　　　　　　　Chapter 11, Sub Chapter V
　　**Debtor in Possession.**　　　　　　　Honorable B. McKay Mignault

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the attached:

**PLAN OF REORGANIZATION OF JODY LEE GOOSLIN, II**

was served electronically upon the following: ustpregion04.ct.ecf@usdoj.gov - Office of the U. S. Trustee on this 12th day of September, 2025. All parties that requested electronic service via CM/ECF will receive copies electronically.

　　　　　　　　Shari L. Collias, Esq. (WV Bar No. 4997)
　　　　　　　　Trial Attorney, Office of U.S. Trustee
　　　　　　　　2025 United States Courthouse
　　　　　　　　300 Virginia Street, East
　　　　　　　　Charleston, WV 25301
　　　　　　　　(304) 347-3417
　　　　　　　　Shari.Collias@usdoj.gov

　　　　　　　　Gary O. Kinder, Esq. (WV Bar No. 7732)
　　　　　　　　Assistant United States Trustee
　　　　　　　　United States Trustee's Office
　　　　　　　　2025 Robert C. Byrd Federal Courthouse
　　　　　　　　300 Virginia Street East
　　　　　　　　Charleston WV 25301
　　　　　　　　gary.o.kinder@usdoj.com

　　　　　　　　Joe Supple, Esq.
　　　　　　　　Supple Law Office, PLLC
　　　　　　　　801 Viand Street
　　　　　　　　Point Pleasant, WV 25550
　　　　　　　　joe.supple@supplelawoffice.com

And to the following via U.S. Mail, postage prepaid:

Ally Finance
Attn: Ally Bank Department
4515 N. Santa Fe Avenue, Dept APS
Oklahoma City, OK 73118

Amitkumar Sharma
Claims Processor
Bankruptcy Servicer for Ally Bank
AIS Portfolio Services, LLC
4515 N. Santa Fe Ave., Dept. APS
Oklahoma City, OK 73118

Community Trust Bank
Attn: Janet Smith Holbrook, Esquire
Dinsmore Shohl, LLP
611 Third Avenue
Huntington, WV 25701

Do It Best
Attn: Lauren Minke
P.O. Box 2263
Ft. Wayne, IN 46801

E.J. Welch Co., Inc.
c/o John Keating, Esq.
4232 North Pike, Suite 202
Monroeville, PA 15146

Ohio Valley Flooring
c/o John Keating, Esq.
4232 North Pike, Suite 202
Monroeville, PA 15146

U.S. Department of Agriculture
c/o First National Bank
P.O. Box 950
Williamson, WV 25661


CDC Distributors, Inc.
c/o Tracie Stenpien
345 North Main Street, #396
Clawson, MI 48017

Ferguson Enterprises, Inc., #142
P.O. Box 644054
Pittsburgh, PA 15264-4054

Internal Revenue Service
Department of Treasury
550 Main Street
Cincinnati, OH 45201

WV State Tax Department
Revenue Division
P.O. Box 2745
Charleston, WV 25330-2745

Bank of Mingo
c/o John Alderman, Esq.
3 Monticello Place
Charleston, WV 25314

Katrina Burke
4460 Buffalo Creek Rd.
Williamson WV 25661

William Jones, Esq.
Campbell Woods
1002 Third Avenue
Huntington, WV 25701

First National Bank of Williamson
Attn: Patrick Jones, Esq.
Campbell Woods
1002 Third Avenue
Huntington, WV 25701

Murphy Poindexter
c/o Jody Gooslin
P.O. Box 2076
Williamson, WV 25661

/s/ Joseph W. Caldwell
Joseph W. Caldwell